No. 26-3585

---

**In the United States Court of Appeals**
**for the Sixth Circuit**

---

DAVID ANDREW BARDES

PLAINTIFF-APPELLANT

V.

GEORGE WALKER BUSH, individually; RICHARD BRUCE CHENEY, individually; BARACK HUSSEIN OBAMA, II, individually; JOSEPH ROBINETTE BIDEN, JR., individually; DONALD JOHN TRUMP, officially and individually; WILLIAM HENRY GATES, III; MICROSOFT CORPORATION; LAWRENCE EDWARD PAGE; ALPHABET, INC.; TIMOTHY DONALD COOK; APPLE, INC.; MARK ELLIOT ZUCKERBERG; META PLATFORMS, INC.; JEFFREY PRESTON BEZOS; AMAZON.COM, INC.; GODADDY, INC.; UNITED STATES OF AMERICA; SOCIAL SECURITY ADMINISTRATION; CENTRAL INTELLIGENCE AGENCY; FEDERAL BUREAU OF INVESTIGATION; LAURA LANE WELCH BUSH; JOHN J. STARK, Assistant US Attorney, officially and individually; JOSE A. RODRIGUEZ, JR., individually; JAMES ALTON CANNON, JR., officially and individually; PAUL W. GARFINKEL, officially and individually; DR. RALPH B. PIENING, III, MD; JOHN/JANE DOE(S)

DEFENDANTS-APPELLEES

**On Appeal from Case 1:25-CV-661 in the United States District Court for the Southern District of Ohio, Western Division**

---

**BRIEF OF APPELLEES APPLE INC. AND TIMOTHY COOK**

Edward G. Hubbard (0067784)
101 East Town Street, Suite 500
Columbus, OH 43215, 614.280.1125 (direct)

## TABLE OF CONTENTS

| | |
|---|---|
| **TABLE OF AUTHORITIES** ........................................................ | *iii* |
| **CORPORATE DISCLOSURE STATEMENT**............................. | *v* |
| **STATEMENT REGARDING ORAL ARGUMENT**..................... | *vi* |
| **I. STATEMENT OF ISSUES PRESENTED FOR REVIEW**....... | *vii* |
| **II. STATEMENT OF THE CASE**.................................................. | 1 |
| **III. STATEMENT OF FACTS**....................................................... | 4 |
| **IV. STANDARD OF REVIEW**...................................................... | 6 |
| **V. SUMMARY OF ARGUMENT**.................................................. | 7 |
| **VI. ARGUMENT**........................................................................ | 9 |
| **A. The District Court correctly dismissed the complaint under the narrow substantiality doctrine.** | 9 |
| **B. The District Court properly considered the complaint as a whole while distinguishing alleged factual events from Appellant's conspiracy speculation.** | 12 |
| **C. Appellant's objections received de novo consideration.** | 13 |
| **D. The District Court correctly denied leave to amend as futile.** | 14 |
| **VII. CONCLUSION**.................................................................. | 16 |
| **CERTIFICATE OF COMPLIANCE**.......................................... | 17 |
| **CERTIFICATE OF SERVICE**...................................................... | 18 |
| **ADDENDUM PURSUANT TO 6 CIR. R. 28(B)(1)(A)(I)**............ | 19 |

# TABLE OF AUTHORITIES

**Cases**

***Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999)** .......... 2, 9-10

***Ashcroft v. Iqbal*, 556 U.S. 662 (2009)** .......... 6

***Doe v. Iatarola*, No. 25-3374, 2025 LX 473164 (6th Cir. Oct. 3, 2025)** .... 9-10

***Epps v. United States*, No. 1:22-cv-609, 2023 U.S. Dist. LEXIS 29904 (S.D. Ohio Feb. 22, 2023)** .......... 13

***Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987)** .......... 11

***Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985)** .......... 11

***Kue v. North*, No. 23-2100, 2024 U.S. App. LEXIS 18432 (6th Cir. July 25, 2024)** .......... 6, 14

***McCarthy v. City of Cleveland*, 626 F.3d 280 (6th Cir. 2010)** .......... 6

***Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000)** ...... 14

***Stewart v. Martin*, 143 F.4th 675 (6th Cir. 2025)** .......... 8

***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)** .......... 11–12

**Statutes**

**28 U.S.C. § 1915(e)(2)** .......... 2

**42 U.S.C. § 1983** .......... 1, 5, 11

**42 U.S.C. § 1985** .......... 1, 5

**Rules**

**Fed. R. App. P. 26.1** .......... *v*

**Fed. R. App. P. 32(a)(5)–(7)** .......... 17

**Fed. R. App. P. 34(a)(2)** .......... *vi*

**Fed. R. Civ. P. 8(a)(2)** .......... 2

**Fed. R. Civ. P. 12(b)(1)** .......... 2–3, 9

**Fed. R. Civ. P. 12(b)(2)** .......... 2

**Fed. R. Civ. P. 12(b)(6)** .......... 1-2, 6, 9, 14

**6th Cir. R. 26.1** .......... *v*

**6th Cir. R. 28(b)(1)(A)(i)** .......... 19

**6th Cir. R. 32(b)(1)** .......... 17

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Apple Inc. is neither a subsidiary nor an affiliate of a publicly owned corporation, and no publicly owned corporation that is not a party to the appeal has a financial interest in the outcome.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Apple Inc. and Timothy Cook respectfully submit that oral argument is unnecessary on appeal. Under Fed. R. App. P. 34(a)(2), the issues raised by Appellant are adequately addressed in the parties' briefs and in the District Court's well-reasoned Magistrate's Report and Recommendation and the Order Adopting Report and Recommendation.

## I. STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the District Court correctly dismissed Appellant's complaint without prejudice for lack of subject-matter jurisdiction, given that the complaint alleged a sprawling conspiracy among former Presidents, federal agencies, technology companies, and corporate executives, and that the court found those allegations fantastical and wholly implausible.

2. Whether the District Court correctly denied leave to amend as futile, given that Appellant's proposed amendment would reorganize or remove selected material but would not cure the fundamental implausibility of the alleged conspiracy.

## II. STATEMENT OF THE CASE

Appellant David Andrew Bardes filed this action on September 10, 2025, paid the filing fee, and named twenty-six defendants, including current and former Presidents, federal agencies, major technology companies, and current or former corporate executives. Compl., R. 1, PageID #1–60; R&R, R. 75, PageID #626; Order, R. 84, PageID #703. This is the ninth lawsuit in which Appellant alleges some permutation of his "cold cell torture" claims. *Id*.

The complaint asserted federal constitutional and civil rights claims under 42 U.S.C. §§ 1983 and 1985. Compl., R. 1, ¶¶ 2, 197–204. It alleged, among other things, that former President George W. Bush and the Central Intelligence Agency bribed judges to dismiss Appellant's prior lawsuits; that former Presidents and technology executives betrayed the United States to China; and that "GOG AND MAGOG" recruited individuals to kill Appellant. Compl., R. 1, ¶¶ 39, 170, 178; Order, R. 84, PageID #703–04.

As to Appellees Apple and Cook, Plaintiff relies solely on allegations that Apple visited his website and that they tracked his activities through his iPad and other devices. Compl., R. 1, ¶¶ 10, 149, and 192.

Apple and Cook waived service and filed a motion to dismiss the Complaint based on claim preclusion, failure to state a claim upon which relief can be granted under Rule 12(b)(6), and failure to provide a short and plain statement of the claim

and a lack of personal jurisdiction under Rules 8(a)(2) and 12(b)(2). R. 77. Appellees specifically noted that they did not waive their personal jurisdiction defense and do not waive it here.

Because Appellant paid the filing fee, the Magistrate Judge recognized that the complaint was not subject to screening under 28 U.S.C. § 1915(e)(2). R&R, R. 75, PageID #627. Nevertheless, the Magistrate Judge sua sponte recommended dismissal, concluding that the allegations were irrational, wholly incredible, and sufficiently implausible and warranted dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction over a totally implausible complaint, rather than Rule 12(b)(6), pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). R&R, R. 75, PageID #627–28. The Magistrate Judge recommended dismissal without prejudice. R&R, R. 75, PageID #628.

Appellant filed objections challenging the Magistrate Judge's Report and Recommendation. R. 79. In addition to challenging the Report's reliance on *Apple v. Glenn* and the denial of his request to amend, Appellant disputed the Report's conclusions regarding his factual allegations in the Complaint—claiming the Magistrate Judge overlooked the Complaint's "core of plausible, actionable facts," which he argues bolster the plausibility of the Complaint as a whole. Objection, R. 79, PageID #679. The Objection, at ¶¶ 4–41, PageID #662–72, lays out these "facts"—e.g., trials that occurred on March 2, 2005 and October 18, 2005;

Appellant's incarceration on April 3, 2006; a March 12, 2007 MRI; and an x-ray purporting to show a bullet in Appellant's right hip. *Id*. ¶¶ 16, 21, 29, 37. Notably, nowhere within his "core of plausible facts," is there a single reference to Apple or Cook.

After conducting de novo review, the District Court overruled the objections and adopted the Report and Recommendation in full. Order, R. 84, PageID #701–02, 706. The District Court found that Appellant's allegations fell within the narrow category warranting dismissal under Rule 12(b)(1). Order, R. 84, PageID #702–05. It also denied leave to amend because the allegations were fantastical and wholly implausible and no amendment could cure the jurisdictional defect. Order, R. 84, PageID #705–06. The complaint was dismissed without prejudice. Order, R. 84, PageID #706.

Appellant filed a notice of appeal on June 29, 2026, from the District Court's May 15, 2026 order.

## III. STATEMENT OF FACTS

The complaint arises from Appellant's claims that he was subjected to "cold cell torture" in South Carolina in 2006. Compl., R. 1, ¶¶ 14–18, 27–35. Since filing his first action in 2008, he has repeatedly brought lawsuits arising from that event while expanding the alleged conspiracy to include additional public officials, agencies, corporations, and executives. Compl., R. 1, ¶¶ 36–45, 137–64; R&R, R. 75, PageID #626–27.

The present complaint spans sixty pages and names twenty-six defendants. Compl., R. 1, PageID #1–60; R&R, R. 75, PageID #626. Among them are former Presidents George W. Bush, Barack Obama, and Donald Trump; former First Lady Laura Bush; the Central Intelligence Agency and Federal Bureau of Investigation; Microsoft Corporation; Apple Inc.; Timothy Cook; Mark Zuckerberg; and Jeff Bezos. Compl., R. 1, PageID #1; Order, R. 84, PageID #703.

Appellant alleges that former President Bush and the CIA bribed judges to dismiss his prior lawsuits. Compl., R. 1, ¶ 39; Order, R. 84, PageID #703. He further alleges that former Presidents, technology executives, and federal agencies betrayed the United States to China and should be arrested, tried, and executed. Compl., R. 1, ¶ 170; Order, R. 84, PageID #703–04. He claims that he witnessed "GOG AND MAGOG" recruiting people to kill him and that he avoided those individuals by following biblical prophecy. Compl., R. 1, ¶ 178; Order, R. 84,

PageID #704. He also invokes a "Bush Scroll" that purportedly offers former President Bush a choice between eternal life and divine destruction. Compl., R. 1, ¶¶ 6–8; Order, R. 84, PageID #704.

Appellant maintains that thousands of pages of website-traffic logs prove the alleged conspiracies and establish that the defendants spent three years attempting to kill him. Compl., R. 1, ¶¶ 111, 139, 142–50; Order, R. 84, PageID #704. His formal claims include alleged violations of §§ 1983 and 1985, intentional infliction of emotional distress, unconstitutional conditions of confinement, deliberate indifference, conspiracy, and failure to intervene. Compl., R. 1, ¶¶ 190–204.

## IV. STANDARD OF REVIEW

This Court reviews de novo the dismissal of a complaint. *McCarthy v. City of Cleveland*, 626 F.3d 280, 283 (6th Cir. 2010). Under that review, well-pleaded factual allegations are construed in the plaintiff's favor, but legal conclusions and unwarranted factual inferences receive no presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). A complaint must allege sufficient factual content to permit a reasonable inference that each defendant is liable; labels, conclusions, formulaic recitations, and naked assertions do not suffice. *Iqbal*, 556 U.S. at 678–79.

A district court's denial of leave to amend is ordinarily reviewed for abuse of discretion. When the denial rests on futility, however, review is de novo, and the denial should be affirmed if the proposed amendment could not withstand dismissal under Rule 12(b)(6). *Kue v. North*, No. 23-2100, 2024 U.S. App. LEXIS 18432, at *6 (6th Cir. July 25, 2024).

## V. SUMMARY OF ARGUMENT

The judgment should be affirmed. Although most pleading deficiencies concern the merits rather than jurisdiction, the Sixth Circuit recognizes a narrow exception when a purported federal claim is wholly insubstantial and frivolous. That exception applies when allegations are totally implausible, attenuated, devoid of merit, or no longer open to discussion. This is that exceptional case.

Appellant's Objection to the Magistrate's Report asserting a "core of plausible facts" did nothing to make his claims of conspiracy against Apple and Cook plausible. Contrary to Appellant's arguments, the District Court did not dismiss because it overlooked his recounting of his legal history, jailing, and claimed injuries tied to certain dates. It dismissed because the claims against the assembled defendants depend on an overarching fact-free narrative involving bribed judges, former Presidents, intelligence agencies, technology executives, China, biblical prophecy, and coordinated attempts to kill Appellant. Identifying the time and place of his domestic relations trials, jailing, and claimed discovery of being shot does not make the fantastical conspiracy he superimposes on those events a substantial federal controversy.

Finally, amendment would be futile. Appellant proposed reorganizing the pleading and removing nonessential material, but the alleged claims against Apple Inc. and Cook remain dependent on conclusory assertions of participation in a

sweeping conspiracy to kill him. Changing the pleading's organization would not supply the missing factual connection between these Appellees and any actionable conduct.

## VI. ARGUMENT

### A. The District Court correctly dismissed the complaint under the narrow substantiality doctrine.

The absence of a valid cause of action ordinarily does not eliminate subject-matter jurisdiction. But when a purported federal claim is wholly insubstantial and frivolous, it does not present the legitimate federal-law question necessary to support federal-question jurisdiction. *Stewart v. Martin*, 143 F.4th 675, 683 (6th Cir. 2025). Consistent with that principle, a district court may dismiss a complaint under Rule 12(b)(1) when its allegations are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Although *Apple v. Glenn* cautions that most legally deficient complaints should be addressed under Rule 12(b)(6), 183 F.3d at 480, the substantiality doctrine applies where the asserted federal claim is so implausible that it is not fairly open to discussion. That is why courts may dismiss under Rule 12(b)(1) when the allegations are not merely weak, unlikely, or poorly pleaded, but wholly insubstantial. *See, e.g.*, *Doe v. Iatarola*, No. 25-3374, 2025 LX 473164, at *3 (6th Cir. Oct. 3, 2025) (affirming dismissal where plaintiff alleged FBI agents created "hostile and psychologically distressing environments" by embedding informants

in her workplace, social circles, and community for more than a decade to manufacture evidence against her).

The District Court applied that demanding standard. It did not hold that an isolated unusual or improbable allegation defeats jurisdiction. Instead, it found that Appellant's complaint relies upon a fantastical narrative connecting Appellant's 2006 jailing to former Presidents, federal intelligence and law-enforcement agencies, technology companies, corporate executives, foreign influence, judicial bribery, biblical prophecy, and repeated attempts on Appellant's life. Compl., R. 1, ¶¶ 27–35, 39, 111, 139, 170, 178, 190–204; Order, R. 84, PageID #703–05.

These allegations are more outlandish than those in *Doe v. Iatarola*, No. 25-3374, 2025 LX 473164, at *3, and squarely fit the criteria for the *Apple v. Glenn* doctrine. *Glenn*, 183 F.3d at 479. Appellant's claims are not transformed into a substantial federal controversy merely because the complaint also identifies more mundane events, places, documents, or physical injuries.

The relevant issue is not whether Appellant may have experienced cold conditions, received medical treatment, or generated website-traffic logs. It is whether the complaint alleges a nonfrivolous federal claim linking Apple and Cook to a legally cognizable injury. Appellant's brief identifies no concrete conduct by either Appellee that plausibly establishes participation in the alleged conspiracy. Instead, it argues that allegations of ordinary, independently verifiable events

preclude the court from deeming the broader conspiracy theory implausible. That does not address the District Court's reasoning: the alleged federal claims depend on the implausible causal and conspiratorial narrative, not merely on the existence of the underlying events.

A civil-rights conspiracy requires a single plan, a shared conspiratorial objective, and an overt act causing injury. *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). It is well settled that conspiracy claims must be pleaded with some degree of specificity and that vague and conclusory allegations unsupported by material facts are insufficient to state such a claim under § 1983. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987). Appellant's references to technology executives as a group and his assertion that website-traffic logs reveal a conspiracy do not establish an agreement, shared objective, or overt act by Apple or Cook.

Even outside the jurisdictional context, a complaint must provide more than labels and conclusions, formulaic recitations of elements, or naked assertions devoid of supporting facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege factual matter that, if accepted as true, permits a reasonable inference that the defendant is liable for the misconduct alleged. Such allegations are found nowhere in the Complaint.

The District Court therefore did not convert an ordinary credibility dispute into a jurisdictional ruling. It recognized that, when viewed as pleaded, the federal

claims rested on a wholly implausible theory rather than on a substantial controversy within the court's subject-matter jurisdiction.

**B. The District Court properly considered the complaint as a whole while distinguishing alleged factual events from Appellant's conspiracy speculation.**

Appellant argues that the District Court should have separated the complaint into three categories: events he claims to have experienced, propositions allegedly supported by documents, and causal inferences he concedes may be speculation or exaggerated. But that proposed division does not cure the complaint.

A pleading must allege facts sufficient to support a reasonable inference that the particular defendant is liable. *Twombly*, 550 U.S. at 555. Thus, even assuming that Appellant could establish the occurrence of a trial, confinement in a particular cell, or a later medical examination, he still had to allege facts plausibly connecting Apple and Cook to actionable misconduct related to the alleged cold cell torture conspiracy.

The District Court directly addressed Appellant's objection to the Magistrate Judge's consideration of Appellant's narrative versus factual allegations and concluded that the Magistrate Judge had reasonably reviewed the factual allegations rather than simply disregarding them. Order, R. 84, PageID #702–03. It then identified the specific allegations that rendered the claims implausible, including judicial bribery, betrayal of the nation to China, "GOG AND MAGOG,"

and the "Bush Scroll." Order, R. 84, PageID #703–04. That constituted responsive de novo review, not an unexplained adoption of the recommendation.

Appellant's reliance on religious framing does not alter the result. The District Court did not adjudicate the truth of a religious doctrine. It treated Appellant's use of biblical prophecy as one component of the factual narrative he used to connect the defendants to alleged attempts on his life. The court's decision rested on the implausibility of the alleged conspiracy as a whole, not on the mere presence of religious language.

**C. Appellant's objections received de novo consideration.**

Appellant timely objected to the Report and Recommendation, raising five objections. The District Court stated the governing de novo standard and then addressed objections concerning Apple, the treatment of factual allegations, the distinction between his pled facts and his conspiracy narrative, jurisdiction, and amendment.

When specific objections are filed, the district judge reviews the challenged portions of the recommendation de novo. *Epps v. United States*, No. 1:22-cv-609, 2023 U.S. Dist. LEXIS 29904, at *3 (S.D. Ohio Feb. 22, 2023). The District Court did so here. It reviewed the record, rejected Appellant's contention that his claims were not baseless on their face, addressed his proposed distinction between a core of plausible facts and conspiracy narrative, and separately considered amendment.

Appellant's disagreement with the result does not show that the court failed to conduct the required review. His appellate brief reprises the same contention - that pleading some concrete details should have prevented dismissal of his fabulist conspiracy claim. The Order properly rejected that contention because those details did not make the alleged conspiracy plausible.

**D. The District Court correctly denied leave to amend as futile.**

A proposed amendment is futile when it could not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co*., 203 F.3d 417, 420 (6th Cir. 2000). A court reviewing futility therefore asks whether the proposed amendment would state a plausible claim. *Kue v. North*, No. 23-2100, 2024 U.S. App. LEXIS 18432, at *6 (6th Cir. July 25, 2024).

Appellant requested leave to clarify his allegations, remove purportedly nonessential material, and reorganize the complaint around what he characterizes as concrete facts. He does not claim to have additional facts beyond those in the Complaint. R. 79, PageId. #679. But reorganization is not factual enhancement. Conspiracy claims must be pleaded with specificity; vague assertions unsupported by material facts do not suffice. The proposed revised complaint could not allege a specific agreement involving Apple or Cook, a shared conspiratorial objective, or an overt act by either Appellee that caused Appellant's alleged injury, because no such claims were present in the original Complaint. Nothing in the Objection

provides Appellant with a basis to assert such new facts – indeed, other than the caption, neither Apple nor Cook is even referenced in it.

The District Court accordingly concluded that the amendment could not cure the complaint's defects. Because the proposed amendment would retain the same unsupported theory while changing only its presentation, the futility determination should be affirmed.

## VII. CONCLUSION

The District Court correctly concluded that Appellant's claims fall within the narrow class of wholly insubstantial and implausible claims that cannot support federal-question jurisdiction. It also correctly determined that reorganizing the complaint would not cure the lack of plausible allegations linking Apple or Cook to actionable conduct.

Defendants-Appellees Apple Inc. and Timothy Cook respectfully request that this Court affirm the District Court's May 15, 2026 order dismissing the complaint without prejudice and denying leave to amend.

Respectfully submitted,

/s/ *Edward G. Hubbard*
Edward G. Hubbard (0067784)
101 East Town Street, Suite 500
Columbus, OH 43215
614.280.1125 (direct)
614.280.0204 (fax)
ehubbard@westonhurd.com
*Counsel for Appellees,*
*Apple Inc. and Timothy Cook*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief meets the type-volume requirements, as it contains 2880 words, exclusive of the portions of the brief exempted by 6th Cir. R. 32(b)(1). See Fed. R. App. P. 32(a)(7).

I further certify that this brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)

## CERTIFICATE OF SERVICE

I certify that a copy of this brief has been served through the Court's electronic filing system on October 5, 2026, and by regular mail service to Appellant Bardes. Electronic service was therefore made upon all counsel of record on the same day.

*/s/ Edward G. Hubbard*
Edward G. Hubbard (0067784)

**ADDENDUM PURSUANT TO**
**6 CIR. R.**
**28(B)(1)(A)(I)**

**DESIGNATION OF RELEVANT DOCUMENTS**
**United States District Court for the Southern District of Ohio Case, No. 1:25-CV-661**

| R. No. | Description | PageID #s Cited |
|---|---|---|
| R. 1 | Complaint | 1–60; ¶¶ 2, 6–8, 10, 14–18, 27–45, 111, 137–64, 139, 142–50, 149, 170, 178, 190–204 |
| R. 75 | Magistrate Judge's Report and Recommendation | 626–28 |
| R. 77 | Apple Inc. and Timothy Cook's Motion to Dismiss | N/A |
| R. 79 | Appellant's Objections to the Report and Recommendation | 662–72; 679; ¶¶ 4–41 |
| R. 84 | District Court Order Adopting the Report and Recommendation, Dismissing the Complaint Without Prejudice, and Denying Leave to Amend | 701–06 |